PEORIA AND PEKIN UNION RAILROAD CO.

*v.*

STATE OF ILLINOIS.

*Opinion filed September 20, 1920.*

DEMURRAGE—*when the State is liable for demurrage.* Where it is shown that the proper authorities of the State Institution had notice of the arrival of the cars of coal, or were notified thereof, under the contract, a failure to unload the cars of coal because of no track room, or the bins were full, it being the duty of the consignee under the contract to unload the cars, the State is not relieved of its liability for the demurrage charges.

Edward J. Brundage, Attorney General, for State.

There is not much dispute about the facts of this case. This is a claim for demurrage, charges on certain cars of coal consigned via the Peoria & Pekin Union Railroad to the Peoria State Hospital at South Bartonville, Illinois, and unloaded on the private unloading track of the hospital, during the months of July, August and September, 1918, and January, 1919. This coal was shipped to the hospital under contract by the B. & B. Coal Company of Peoria. On arrival at the Acme station of the railroad, the point at which the cars were set out for delivery to the private unloading track of the hospital, notice of arrival of each car was given verbally to an agent of the hospital, and on three occasions during the month of January, 1919, this agent signed constructive placement notices acknowledging arrival of cars and inability of the hospital to receive same on its private unloading track. The unloading track would not accommodate more than four cars, and at times the bins of the hospital were full and could not accommodate any more coal. For that reason the cars in question could not be placed at the time of arrival and were held for varying periods on the tracks of the claimant and for this detention beyond the free time allowed in the demurrage tariffs of the railroad, demurrage charges of $1,455.00 have accrued, for which the claimant asks the award of that sum and a further sum of $43.65 representing federal tax on the demurrage charge. The notice given verbally to the agent of the hospital was given in accordance with a custom of some years standing. It appears from the evidence submitted both on behalf of the claimant and on behalf of the State, that the only reason these cars were not set on the private unloading track of the hospital as soon as they arrived was because the track was full, or because the bins there were full, so that the cars could not be unloaded, and that the hospital authorities knew of this condition, and knew that this was the only reason the cars were not delivered to

—8 C C

their private unloading track, by the claimant.   The State takes the position that under their contrack they were to receive the coal delivered to the institution at a certain time and in quantities as designated, and that though they did so designate repeatedly the coal company persisted in sending the coal faster and in greater quantities than they could accommodate it, thereby causing the accummulation of cars, and that under this state of facts the coal company, and not the State, should be held for these charges.   They also contend that since, as the evidence shows, all cars were unloaded within 48 hours after delivery to their tracks, no blame should attach to them.   They cite the circumstance that, as the evidence shows, the hospital authorities notified the coal company several times as to the time and quantity in which shipment should be made, and further that it was to be delivered to the institution at a certain price.   These contentions do not in our opinion relieve the State from liability.   It is not shown that the claimant was in anyway responsible for the shipment of coal in greater quantities or more rapidly than the institution could receive it.   It appears that the hospital authorities attended to the unloading and the providing of facilities for unloading, so that any proper charge arising from a delay in unloading should rest upon them.   We therefore find for the claimant and make an award in its favor of $1,498.65.